EISENBERG & CARTON
ATTORNEYS AT LAW
405 RXR PLAZA
UNIONDALE, NEW YORK 11556
TELEPHONE (516) 221-3700
FACSIMILE (516) 977-3337

June 21, 2021

**BY ECF**

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re: Government Employees Insurance Company, et al.
>  v. VVX, Inc., Yefim Klikshteyn, et al.
>  <u>EDNY, Case No. 1:19-cv-06048-RRM-RER</u>

Dear Judge Komitee:

  This firm represents Defendants Yefim Klikshteyn and VVX, Inc. (the "VVX Defendants"). This letter is in response to Plaintiffs' pre-motion letter seeking to file a motion for summary judgment against the VVX Defendants on Plaintiffs' cause of action for alleged Unjust Enrichment, and their cause of action for Declaratory Judgment to the extent based upon alleged unjust enrichment.

  As an initial matter, the VVX Defendants respectfully state that they oppose Plaintiffs' request only because they hope to avoid unnecessarily expending legal fees on what clearly would be an ill-fated motion for summary judgment. Indeed, throughout this case, Plaintiffs (one of the world's largest and wealthiest automobile insurance conglomerates) have attempted to force the VXX Defendants into submission through Plaintiffs' infinitely greater financial resources, which have permitted them litigate this matter with unbridled vigor.

  Notably, it is extremely telling that Plaintiffs' application seeking permission to move for summary judgment on their Unjust Enrichment claim does not even address (a) the elements of an unjust enrichment claim, (b) the standard for summary judgment, or (c) how Plaintiffs' Unjust Enrichment claim purportedly meets the summary judgment standard in this case. Instead, Plaintiffs offer a turbid dissertation on certain nuances of New York no-fault law, peppered with claimed "misrepresentations" allegedly made by the VVX Defendants, notwithstanding the fact that Plaintiffs do not seek permission to move for summary judgment on their fraud claim.

  In any event, summary judgment is appropriate where the submissions of the parties, taken together, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The initial "burden of establishing the absence of any genuine issue of material fact" rests with the moving party. *Zalaski v. Cty. of Bridgeport Police Dep't*, 613

F.3d 336, 340 (2d Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Once this burden is met, however, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of New York*, 579 F.3d 160, 166–67 (2d Cir. 2009) (citation omitted); see also *Celotex*, 477 U.S. at 322–23. Moreover, when assessing whether a genuine issue of fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The Court also construes any disputed facts in the light most favorable to the non-moving party. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).

An unjust enrichment claim under New York law must allege that defendant was enriched at plaintiff's expense and that "it is against equity and good conscience to permit [the defendant] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 1110, 919 N.Y.S.2d 465, 471 (2011). Thus, to prevail on their claim for Unjust Enrichment, Plaintiffs here must demonstrate that (1) the VVX Defendants were enriched, (2) at Plaintiffs' expense, and (3) that "it is against equity and good conscience to permit [the VVX Defendants] to retain what is sought to be recovered." *Mandarin Trading Ltd.*, 16 N.Y.3d at 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (quoting *Citibank, N.A. v. Walker*, 12 A.D.3d 480, 481, 787 N.Y.S.2d 48 (2d Dep't 2004)).

Significantly, and not surprisingly, New York courts have recently and repeatedly held that when it "is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" are "issues … ill-suited to summary disposition." *Simon v. FrancInvest, S.A. Eyeglasses*, __ N.Y.S.3d ___, 192 A.D.3d 565, 570 (1st Dep't 2021); *accord McGrath v. Hilding*, 41 N.Y.2d 625, 629, 394 N.Y.S.2d 603, 363 N.E.2d 328 (1977). Indeed, there are innumerable factors that a jury might consider with respect to "equity and good conscience" including whether or not (a) the VVX Defendants acted in good faith, (b) the VVX Defendants are culpable for the actions of other parties whose allegd wrongdoing they were not aware of (including but not limited to the physician defendants in this case with whom Plaintiffs now have settled and who provided affidavits as part of their settlement), and (c) whether Plaintiffs themselves bear some culpability for not deigning to examine more carefully the bills and supporting paperwork candidly submitted by VVX, so that Plaintiffs might have more timely brought to the attention of the VVX Defendants whatever issues Plaintiffs thought existed with respect to VVX's billing or the products it supplied.

Moreover, such a finding in this case would require Plaintiffs to establish, among other things, that there was not a single instance in which one of Plaintiffs' insureds benefited from the product supplied by VVX in exactly the manner intended by the prescription filled by VVX. It bears emphasizing at this juncture that the VVX Defendants (a) did nothing wrong or improper, (b) certainly did not do anything intentionally wrong or improper, and (c) were not aware of any improprieties with respect to the issuance of the prescriptions at issue, whether committed by the defendant physicians who have settled with Plaintiffs, or anyone else.

       Thank you for your consideration and attention to this matter.

                                        Respectfully submitted,

                                        */s/ Lloyd M. Eisenberg*

                                        Lloyd M. Eisenberg

cc: All Counsel of Record (by ECF)